## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| CRUDEN BAY HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | |
| CAMERON R. JEZIERSKI and | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JPMorgan Chase Bank, N.A. ("Chase") removes the above-captioned, *Cruden Bay Holdings, LLC v. Jezierski and JPMorgan Chase Bank, N.A.*, Case No. DC-20-09390 ("State Court Action"), from the 192nd District Court of Dallas County, Texas ("State Court") to the United States District Court for the Northern District of Texas.

## I.      NATURE OF THE ACTION

1.      Plaintiff Cruden Bay Holdings, LLC ("Cruden Bay") filed the State Court Action on July 9, 2020, against Cameron R. Jezierski ("Jezierski"), a convicted fraudster who had already begun serving a prison sentence for his role in a Ponzi scheme at the time the case was filed. Cruden Bay asserted two claims against Jezierski, one for common law fraud and one for conspiracy.

2.      Nine months later, on April 19, 2021, and after seeking a default judgment against Jezierski, Cruden Bay filed its Second Amended Petition, adding Chase as a Defendant. The Second Amended Petition reasserted the fraud claim against Jezierski, Second Am. Pet. ¶¶ 9, 37–

39, 48–54, added Chase to the conspiracy claim, *id.* ¶¶ 55–59, and lodged a new claim for aiding and abetting the fraud against Chase, *id.* ¶¶ 60–64.

3.       Cruden Bay alleges losses "exceeding $26,000,000" and seeks "monetary relief valued over $1,000,000." *Id.* at p. 1, 13–15.

4.       The State Court Action is removable despite being in a "closed" posture following a Dismissal for Want of Prosecution on April 28, 2021. *See* **Exhibit D**, State Court Docket Sheet. Cruden Bay filed a Motion to Retain that same day. *Id.* Under the Texas Rules of Civil Procedure, the court may reinstate the State Court Action within 75 days of its order. *See* Tex. R. Civ. P. 165(a)(3). As such, the State Court Action is still "pending" for federal jurisdictional purposes and thus removable. *See Yassan v. JPMorgan Chase & Co.*, 708 F.3d 963, 965 (7th Cir. 2013) (holding that state court action was removable after dismissal for want of prosecution had been entered because the case remained "pending").

5.       As explained below, there is complete diversity among the proper parties to this case. Cruden Bay is a Texas citizen, and Chase is a national association with its main office in Ohio. While Jezierski appears to be a Texas citizen, he is improperly joined, and his citizenship should be disregarded for diversity purposes.

## II.       <u>REMOVAL IS PROPER</u>

6.       Venue is proper in this Court. This action is being removed from the 192nd District Court of Dallas County, Texas, which lies within the Northern District of Texas. *See* 28 U.S.C. §§ 124(a)(1), 1441(a), 1446(a).

7.       This Notice of Removal is timely filed. Cruden Bay served Chase with the Summons and Second Amended Petition on April 27, 2021, and thirty days have not elapsed from the date of receipt. *See* 28 U.S.C. § 1446(b).

8.       A written notice attaching a copy of this Notice of Removal is being served on all parties of record and filed with the Clerk of the 192nd District Court of Dallas County, Texas. *See* 28 U.S.C. § 1446(d).

9.       True and correct copies of process, pleadings, and orders filed in the State Court Action are attached, as required by 28 U.S.C. § 1446 and L.R. 81.1:

**EXHIBIT A**:   A civil cover sheet.

**EXHIBIT B**:   A supplemental civil cover sheet.

**EXHIBIT C**:   A notice of related case as required by L.R. 3.3(b)(3).

**EXHIBIT D**:   A true and correct copy of the state court docket sheet.

**EXHIBIT E**:   True and correct copies of all pleadings asserting causes of action, all answers to such pleadings, and all orders signed by the state judge, along with an index of documents that clearly identifies each document and indicates the date the document was filed in state court.

**EXHIBIT F**:   Defendant JPMorgan Chase Bank, N.A.'s Certificate of Interested Persons.

### III.       THE COURT HAS DIVERSITY JURISDICTION

10.       The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a). This action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446. Removal is appropriate because Cruden Bay and Chase are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

11.       Cruden Bay improperly joined Jezierski to this action for the sole purpose of defeating diversity jurisdiction, so the Court should not consider Jezierski's alleged Texas citizenship in evaluating federal jurisdiction. The District of Maryland has presided over a civil action brought by the SEC against Jezierski and his co-fraudsters since 2018, issued a stay of any civil litigation against Jezierski and the scheme's assets, and appointed a receiver who has established an exclusive claims procedure that provides Cruden Bay its avenue to relief with

respect to Jezierski. Given these federal orders, Cruden Bay has no possibility of obtaining relief against Jezierski in Texas state court.

A.      **The Properly Joined Parties Are Completely Diverse Under 28 U.S.C. § 1332(a).**

12.      For diversity jurisdiction, "the state where someone establishes his domicile serves a dual function as his state of citizenship," and the "state of domicile presumptively continues unless rebutted with sufficient evidence of change." *See Preston v. Tenet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

13.      An LLC's citizenship for diversity purposes is determined by looking at the citizenship of its members. *Harvey v. Grey Wolf*, 542 F.3d 1077, 1079–80 (5th Cir. 2008). Cruden Bay alleges that it is a Delaware limited liability company whose members are domiciled in Texas, so it is a citizen of Texas for diversity purposes. Second Am. Pet. ¶ 3.

14.      Chase is a national association with its main office, as designated by its articles of association, in Columbus, Ohio. A national bank is a citizen of the state at which its main office, as set forth in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). Chase is thus a citizen of Ohio for the purposes of diversity jurisdiction.

15.      Accordingly, there is complete diversity between Cruden Bay and Chase under 28 U.S.C. § 1332(a).

16.      Jezierski is an individual in federal custody, housed at RRM Dallas.[1] According to Cruden Bay, before his incarceration, Jezierski was domiciled in Tarrant County, Texas. Second Am. Pet. ¶ 4. From Cruden Bay's allegations and the facts reasonably available, it thus appears that Jezierski is a citizen of Texas for diversity purposes. *See Woods v. Wal-Mart, Inc.*, No. 7:18-

---

[1] The Second Amended Petition alleges that Jezierski "resides at the Federal Correctional Institute – Texarkana," Second Am. Pet. ¶ 4, but that status appears to have changed. *See* Federal Bureau of Prisons, Find an inmate, bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last accessed May 21, 2021).

cv-00005-DC, 2018 U.S. Dist. LEXIS 231508, at *11–13 (W.D. Tex. Aug. 14, 2018) (recognizing that inmate "retains the domicile he had prior to incarceration") (quoting *Pardue v. Pardue*, 37 F.3d 630 (5th Cir. 1994) (collecting cases). But Jezierski's Texas citizenship should not be part of the Court's jurisdictional calculus because Jezierski is improperly joined. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (*en banc*) (recognizing defendant's entitlement under 28 U.S.C. § 1441 to remove based on diversity when in-state defendant has been improperly joined).[2]

17.     A defendant is improperly joined to an action—and courts will not consider his citizenship for diversity purposes—if "'there is no possibility of recovery by the plaintiff against [a nondiverse] defendant,'" or stated differently, "'that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a nondiverse] defendant.'" *Int'l Energy Ventures Mgmt. v. United Energy Grp.*, 818 F.3d 193, 200 (5th Cir. 2016) (quoting *Smallwood*, 385 F.3d at 573). As the *en banc* Fifth Circuit has recognized, "[a] mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (internal quotation marks omitted).

18.     In evaluating whether a plaintiff has a reasonable possibility of recovery against an in-state defendant, courts "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim," then consider any "discrete and undisputed facts" omitted from the petition that "preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573–74.

19.     The test for improper joinder is met here. Cruden Bay has no reasonable possibility of recovery against Jezierski because Cruden Bay's claims against Jezierski are subject to the

---

[2] Consent of an improperly joined co-defendant is not required for removal. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

exclusive jurisdiction of a federal receiver ("Receiver") appointed by the District of Maryland in a civil action brought by the SEC concerning this fraud scheme. *See* Order Appointing Temporary Receiver, ECF No. 11, *Securities & Exchange Commission v. Ledford et al.*, No. 1:18-cv-02844-RDB (D. Md. Sep. 13, 2018) ("SEC Action").

20.     Cruden Bay's state court filings incorporate the SEC Action and even attach its complaint. *See* Second Am. Pet. ¶ 40. The filings in the SEC Action establish that (1) the District of Maryland has enjoined any state court claims against Jezierski, meaning Cruden Bay's state court claims could not survive a Rule 12(b)(6)-type analysis; and (2) the District of Maryland's appointed Receiver has exclusive jurisdiction over Jezierski's assets and has established a claims procedure for victims of the fraud scheme, so Cruden Bay has no reasonable possibility of recovery against Jezierski in Texas state court.

21.     The District of Maryland's Preliminary Injunction Order precludes Plaintiff's state court claims. On September 13, 2018, nearly two years before Cruden Bay filed its state court action, Judge Bennett of the District of Maryland issued a Temporary Restraining Order and appointed the Receiver over the assets related to the underlying fraud scheme. *See* Temporary Restraining Order, ECF Nos. 10 & 11, Order Appointing Temporary Receiver, ECF No. 11, SEC Action (Sep. 13, 2018). Judge Bennett then entered a Preliminary Injunction Order, Freezing Assets, and Granting Other Relief on October 4, 2018. *See* Preliminary Injunction Order, ECF No. 28, SEC Action (Oct. 4, 2018). Through his orders, Judge Bennett has stayed "[a]ll civil legal proceedings of any nature . . . involving . . . any Receivership Assets" or "any of the Receivership Parties," a category that includes Jezierski. Order Appointing Receiver ¶¶ 1–2, 34 (implementing stay); Preliminary Injunction Order § V (extending Order Appointing Receiver).[3] His injunction

---

[3] For the Court's ease of reference, the cited SEC Action filings are attached as **EXHIBIT G**.

precludes claims asserted "for, or in connection with, any action taken by [the Receivership Parties]" in their roles at SCUSA Financial, Inc.—the very conduct that forms Cruden Bay's claims against Jezierski here. *See* Second Am. Pet. ¶¶ 22–24.

22.     The District of Maryland's preliminary injunction is a final judgment with respect to preserving the status quo, and the Anti-Injunction Act, 28 U.S.C. § 2283 protects its enforcement. *See Zacarias v. Stanford Int'l Bank, Ltd.*, 945 F.3d 883, 894–96, 902–03 (5th Cir. 2019), *cert. denied*, 141 S. Ct. 950 (2020) (recognizing district courts' broad authority under the Anti-Injunction Act to temporarily stay and permanently bar state court actions against Ponzi scheme fraudsters); *see also Rishmangue v. Winter*, 616 Fed. App'x 138, 139–40 (5th Cir. 2015) (enforcing temporary litigation stay and enjoining state court claims against Ponzi scheme while case was in SEC receivership).

23.     Cruden Bay's state court claims against Jezierski cannot proceed because they "threaten[] to dispose of the property that forms the basis for federal in rem jurisdiction" over the receivership assets. *Zacarias*, 945 F.3d at 894–96. And claims barred by a federal injunction cannot survive the "Rule 12(b)(6)-type analysis" courts apply when assessing claims against an in-state defendant to decide whether he has been properly joined. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988) (explaining that Anti-Injunction Act relitigation exception is "founded in the well-recognized concepts of *res judicata* and collateral estoppel"); *Associated Recovery L.L.C. v. Does*, 769 Fed. App'x 160, 162 (5th Cir. 2019) (affirming dismissal under Rule 12(b)(6) of claim barred by collateral estoppel).

24.     The District of Maryland has established an exclusive claims procedure that prevents Plaintiff from recovering against Jezierski in state court. The District of Maryland has vested the Receiver with exclusive jurisdiction over Jezierski's assets, so Cruden Bay has no

reasonable probability of recovering against Jezierski in Texas state court. The District of Maryland froze "all assets of Defendants and Receivership Parties" (including Jezierski's), took "exclusive jurisdiction and possession" of them, and established a comprehensive claims procedure for investors to assert their losses resulting from Jezierski's fraud. *See* Order Appointing Temporary Receiver ¶¶ 1–3; Order Granting Receiver Gregory S. Milligan's Motion for Order Setting Claims Bar Date, Establishing Claims Procedure, and Approving Notification Process, ECF No. 395, SEC Action (Feb. 10, 2021); *see also Zacarias*, 945 F.3d at 894–96 (concluding individual claims involving receivership assets would defeat the purpose of the receivership by creating an inequitable "race to the courthouse, resulting in inefficiency as assets are dissipated in piecemeal and duplicative litigation").

25.     The Receiver's claims procedure: (1) requires investors to report their losses and any amounts received "to compensate" them "in whole or in part, ***for the losses sustained in the Defendants' fraudulent scheme*** that is at issue in this SEC Action"; (2) imposes a continuing duty on investors to disclose compensatory amounts received in the future through other fora; and (3) specifies that a failure to report such compensation waives the claimant's "right to participate in any interim, final, or other distribution in this SEC Action." Order Granting Receiver Gregory S. Milligan's Motion for Order Setting Claims Bar Date, Establishing Claims Procedure, and Approving Notification Process ¶ 7 (emphasis added). The Receiver's Claims Bar Date was May 20, 2021. *Id.* ¶ 1.

26.     Cruden Bay cannot recover against Jezierski in Texas state court because Cruden Bay's sole pathway for recovery against the fraud scheme was through the SEC Action. Either Cruden Bay has filed a claim with the Receiver, in which case it would not be entitled to recovery against Jezierski in state court, or Cruden Bay failed to timely file a claim, in which case it would

have waived its claim against him. Either way, Cruden Bay thus had no purpose to join Jezierski in the State Court Action other than to destroy diversity and prevent removal. *See, e.g.*, *Whitesboro Inn & Suites v. United Fire & Cas. Co.*, No. 4:16-CV-87, 2016 U.S. Dist. LEXIS 190190, at *9–10 (E.D. Tex. Apr. 26, 2016) (noting solvency of corporate defendant and absence of evidence plaintiff could recover against individual defendant, and concluding those facts supported finding of improper joinder); *Plascencia v. State Farm Lloyds*, No. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081, at *19 (N.D. Tex. Sept. 25, 2014) (same); *cf. Ayoub v. Baggett*, 820 F. Supp. 298, 300 (S.D. Tex. 1993) ("[G]iven the relative financial positions of most companies versus their employees, the only time an employee is going to be sued is when it serves a tactical legal purpose, like defeating diversity.").

27.     These "badges of improper joinder" shine bright here. *See Plascensia*, 2014 U.S. Dist. LEXIS 135081, at *9 ("There does not appear to be any reason why Gallegos would have been joined as a defendant other than to defeat diversity jurisdiction."). Of the three individual fraudsters named in the SEC Action, Cruden Bay only joined Jezierski—the only Texas-resident fraudster. What is more, Cruden Bay is seeking (and possibly coordinating) a default judgment against Jezierski in the State Action. *See* **Exhibit E**, March 22, 2021 Status Update. Jezierski has no stake in this case, and Cruden Bay stands recover nothing from him. The Court should not permit Cruden Bay to nominally join Jezierski and deny Chase its right to remove to a federal forum.

**B.     The Amount in Controversy Exceeds the Statutory Minimum.**

28.     Diversity jurisdiction exists where the amount in controversy exceeds $75,000, and the sum demanded in the initial pleading establishes the amount-in-controversy. 28 U.S.C. §§ 1332(a); 1446(c)(2).

29.     The amount-in-controversy requirement is exceeded because Cruden Bay alleges losses "exceeding $26,000,000" and seeks "monetary relief valued over $1,000,000." Second Am. Pet. ¶¶ 2, 54.

30.     Nothing in this Notice of Removal should be interpreted as waiving or relinquishing Chase's defenses or objections including, without limitation, the defenses of (i) lack of jurisdiction over the person, (ii) improper venue, (iii) insufficiency or lack of process of service, (iv) improper joinder of claims or parties, (v) failure to state a claim, (vi) failure to join an indispensable party, or (vii) any other procedural or substantive defense available under state or federal law.

31.     If any question arises at to the propriety of the removal of this action, Chase requests the opportunity to brief any disputed issues and to present further evidence and oral argument in support of its position that this case was properly removed.

## IV.     <u>CONCLUSION</u>

For the foregoing reasons, Chase removes this action from the 192nd Judicial District Court of Dallas County, Texas to this Court under 28 U.S.C. §§ 1332, 1441 and 1446, and requests that further proceedings be conducted in the Dallas Division of the U.S. District Court of the Northern District of Texas as provided by law.

Dated: May 21, 2021                          Respectfully submitted,


                                             /s/ *Mary-Olga Lovett*
                                             Mary-Olga Lovett
                                             State Bar No. 00789289
                                             lovettn@gtlaw.com
                                             **GREENBERG TRAURIG LLP**
                                             1000 Louisiana Street, Suite 1700
                                             Houston, Texas 77002
                                             Telephone: (713) 374-3500
                                             Facsimile: (713) 374-3505

                                             Christopher S. Dodrill
                                             State Bar No. 24110696
                                             dodrillc@gtlaw.com
                                             **GREENBERG TRAURIG LLP**
                                             2200 Ross Avenue, Suite 5200
                                             Dallas, Texas 75201
                                             Telephone: (214)-665-3600
                                             Facsimile: (214) 665-3601

                                             *Attorneys for Defendant*
                                             *JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2021 a true copy of this **NOTICE OF REMOVAL** has been served upon the following by United States mail, first class postage prepaid, and email on May 21, 2021:

Jeffrey M. Tillotson
Jonathon R. Patton
Joseph A. Irrobali
TILLOTSON LAW
1807 Ross Avenue, Suite 325
Dallas, Texas 75201
jtillotson@tillotsonlaw.com
jpatton@tillotsonlaw.com
airrobali@tillotsonlaw.com

Cameron R. Jezierski
Register Number: 55056-048
RRM Dallas
Residential Reentry Office
US Armed Forces Reserve CMPL
344 Marine Forces Dr.
Grand Prairie, TX 75051

/s/ *Christopher S. Dodrill*
Christopher S. Dodrill