UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRUDEN BAY HOLDINGS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:21-CV-1170-X |
| JPMORGAN CHASE BANK N.A., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant JPMorgan Chase Bank N.A.'s ("Chase") motion to dismiss. (Doc. 69). Having carefully considered the parties' arguments and the applicable law, the Court **GRANTS** the motion. (Doc. 69). Accordingly, the Court **DISMISSES** this action without prejudice and directs the Clerk to close this case.

### I. Background

This lawsuit stems from a *Ponzi* scheme perpetrated by three fraudsters through an entity called Global Credit Recovery ("GCR"). From 2017 to 2018, Redpoint Capital Group LLC ("Redpoint") invested around $30 million with GCR.[1] But GCR fabricated the investment opportunities, forged purchase agreements with third parties, and paid "investment returns" to Redpoint with funds received from Redpoint or other investors.[2]

---

[1] Doc. 49 at 10.

[2] *Id.* at 5–13.

In September 2018, the three fraudsters were indicted and sued for securities fraud, thereby ending the *Ponzi* scheme, and they subsequently pled guilty.[3]  The same month, Plaintiff Cruden Bay Holdings, LLC ("Cruden") acquired Redpoint's membership interests.[4]

In 2021, Cruden amended its complaint to assert claims against Chase alleging that Chase participated in the *Ponzi* scheme by assisting in funneling money to fake accounts and turning a blind eye to red flags in order to pocket large transaction fees.[5]  Chase removed the action to this Court.  Chase filed the present motion to dismiss contending that Cruden lacks standing to sue.

According to Chase, Cruden did not suffer any injury-in-fact because Redpoint—not Cruden—invested money with GCR, and Cruden doesn't have standing simply because it later acquired membership interests in Redpoint.  Cruden claims that its injury did not occur when Redpoint was duped into investing money with GCR but when Cruden found out how much money it would recover from the SEC Receiver and realized its actual loss.  According to Cruden, that occurred in December 2022, well after Cruden acquired membership interests in Redpoint.

In the alternative, Cruden asks this Court to for leave to amend its complaint to substitute Redpoint for Cruden as the real party in interest.  The motion to dismiss is ripe for this Court's review.

---

[3] *United States v. Merrill et al.*, No. 1:18-cr-00465-RDB (D. Md); *SEC v. Merrill et al.*, No. 1:18-cv-02844-RDB (D. Md.).

[4] Doc. 70 at 211–14, 216–19, 221–24.

[5] *Id.*

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows parties to challenge the subject-matter jurisdiction of a court to hear a case.[6]   A claim is properly dismissed under Rule 12(b)(1) when the court lacks statutory or constitutional authority to adjudicate it.[7]   A subject-matter jurisdictional defect may be raised at any time and "cannot be waived."[8]   A plaintiff constantly bears the burden of proof that subject-matter jurisdiction exists.[9]   When a "court finds that it lacks subject-matter jurisdiction, it has the duty to dismiss the case."[10]

## III. Analysis

The motion involves whether(1) Cruden has suffered an injury-in-fact as required for Article III standing, and (2) Cruden can amend its complaint to swap out Redpoint for Cruden as the real party in interest.   The Court will consider each in turn.

### A. Injury-in-Fact

Before reaching the issue of an injury-in-fact, Cruden contends that Chase's 12(b)(1) motion is improper because it involves application and interpretation of a statute, which is a merits issue not a jurisdictional question.   The Court disagrees. Chase's motion asks the Court to dismiss this case for lack of Article III standing

---

[6] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[7] *Home Builders Assoc. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[8] *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 290–91 (5th Cir. 1987).

[9] *Ramming*, 281 F.3d at 161.

[10] *McDonald v. Asvestas*, Civil Action No. 3:97–CV–0120–G, 1997 WL 74711, at *1 (N.D. Tex. Feb. 12, 1997) (Fish, J.).

because Cruden suffered no injury-in-fact.   Even if the motion also involved a secondary argument against Cruden's statutory standing, "[t]he question of Article III standing must be decided prior to the prudential standing" question.[11]  Given that Chase's motion attacks Cruden's Article III standing,[12] Cruden's argument that this motion questions its prudential, not constitutional, standing is a nonstarter.

Now the Court must determine whether Cruden has properly established that it has constitutional standing.  Article III standing requires a plaintiff to prove "(1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[13]  The injury-in-fact element requires the plaintiff to suffer an injury that is "concrete and particularized" and "actual or imminent."[14]  And the plaintiff must be affected in a "personal and individual way."[15]  Importantly, a member of an LLC or a shareholder

---

[11] *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 333 (5th Cir. 2002).

[12] The Court sees the basis for Cruden's confusion.  Prudential standing encompasses [1] "the general prohibition on a litigant's raising another person's legal rights, [2] the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and [3] the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 474 (5th Cir. 2013) (cleaned up). Situation 1 is really just the injury-in-fact requirement of constitutional standing.  Situation 2 is just the concrete-injury requirement of constitutional standing.  Only situation 3 (the zone of interests) goes beyond constitutional standing.  That situation isn't relevant here, and the Supreme Court is rightfully throwing cold water on that anyway.  *Lexmark Int'l Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 (2014) ("We do not ask whether in our judgment Congress *should* have authorized Static Control's suit, but whether Congress in fact did so.  Just as a court cannot apply its independent policy judgment to recognize a cause of action that Congress has denied, it cannot limit a cause of action that Congress has created merely because 'prudence' dictates." (cleaned up) (emphasis in original)).

[13] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

[14] *Id.* at 339.

[15] *Id.*

lacks standing to sue individually where the cause of action belongs to the company, unless its alleged harm is distinct from harm suffered by the company.[16]

Here, Cruden lacks a distinct injury in fact and thus lacks standing to sue. The alleged injury is the around $30 million loss that Redpoint sustained as a result of the investment with GRC. Cruden, as a member of Redpoint, cannot bring suit for an injury solely suffered by Redpoint.[17] And Cruden does not allege that it suffered an independent loss from the scheme. "It is well-settled that an individual stakeholder in a legal entity does not have a right to recover personally for harms done to the legal entity."[18] Cruden cannot establish an injury as a stakeholder of Redpoint for the harms done to Redpoint.

Even taking as true Cruden's contention that its injury-in-fact occurred in December 2022 when it found out how much money it would recover from the SEC Receiver and realized its actual loss, well after it acquired membership interests in Redpoint, it still lacks Article III standing. First, Cruden still does not allege that it suffered an injury independent of Redpoint's financial loss. Second, "standing is determined as of the date the suit is filed."[19] If Cruden sustained an injury-in-fact in

---

[16] *Duran v. City of Corpus Christi*, 240 Fed. Appx. 639, 641 (5th Cir. 2007) ("Courts generally refuse to recognize standing based on economic harm that is merely a consequence of an injury suffered by another party. For example, corporate shareholders, officers, and employees cannot pursue personal claims that are based on alleged misconduct towards the corporation unless they are able to show some 'direct' harm to themselves."); *Wingate v. Hajdik*, 795 S.W.2d 717, 719 (Tex. 1990).

[17] *See id.*

[18] *Siddiqui v. Fancy Bites, LLC*, 504 S.W.3d 349, 360 (Tex. App.—Houston [14th Dist.] 2016, writ denied).

[19] *Dogwood Inst. v. A.G. Edwards*, No. 3:06-CV-1454-K, 2007 WL 9711719, at *2 (N.D. Tex. May 1, 2007) (Kinkeade, J.).

December 2022, then it did not have standing in July 2020 when it initially filed suit or in May 2021 when it added Chase as a defendant to this action.[20]

Accordingly, the Court concludes that Cruden did not suffer an injury-in-fact as required for Article III standing.

## B. Leave to Amend

Finally, Cruden asks this Court for leave to file an amended complaint that substitutes Redpoint for Cruden as the true party in interest. But just like Cher, the Court cannot turn back time or find a way. This Court lacks subject-matter jurisdiction over this case given that Cruden lacks Article III standing. A party cannot cure the jurisdictional defect of lack of subject-matter jurisdiction.[21] The Fifth Circuit has held that if a plaintiff never had standing to assert claims against a defendant, then it does not have standing to amend the complaint even to substitute

---

[20] Doc 1-5 at 5, 197.

[21] *Fed. Recovery Servs., Inc. v. U.S.*, 72 F.3d 447, 453 (5th Cir. 1995).

new plaintiffs or a new cause of action.[22]   Therefore, the Court must deny Cruden's request for leave to file an amended complaint to substitute the plaintiff.

## IV. Conclusion

For the reasons explained above, the Court **GRANTS** the Defendants' motion to dismiss (Doc. 69) and **DISMISSES** this case without prejudice.

**IT IS SO ORDERED** this 27th day of August, 2024.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[22] *Summit Off. Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981).